UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALFONZO I. CUTAIA,

                Plaintiff,

      v.                                    Civil No. _____

CBS BROADCASTING INC.,
MISSION BROADCASTING, INC., AND
CRITICAL MENTION, INC.

                                        **JURY TRIAL DEMANDED**

                Defendants.

---

## COMPLAINT

Plaintiff Alfonzo I. Cutaia ("Cutaia"), by his counsel, Hodgson Russ LLP, complains and alleges against Defendants CBS Broadcasting Inc. ("CBS"), Mission Broadcasting, Inc. ("Mission"), and Critical Mention, Inc. ("Critical Mention") as follows:

### NATURE OF THE ACTION

1. This action involves copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA"). Cutaia brings this suit to protect and enforce his rights under Copyright Reg. PA0001928808 against CBS, Mission, and Critical Mention, which have each willfully infringed upon those rights by reproducing, distributing, and publicly performing his video. By this action, Cutaia seeks a permanent injunction and compensatory damages, treble damages, and attorneys' fees pursuant to 17 U.S.C. §§ 100, *et seq*.

### THE PARTIES

2. Cutaia is an individual residing in the State of New York.

3. On information and belief, CBS is a New York corporation with its principal place of business at 51 West 52nd Street, New York, New York 10019.

4. On information and belief, Mission is a Delaware corporation with its principal place of business at 30400 Detroit Road, Suite 304, Westlake, Ohio 44145.

5. On information and belief, Critical Mention is a Delaware corporation with its principal place of business at 521 5th Avenue, New York, New York, 10175.

## JURISDICTION AND VENUE

6. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 100, *et seq.*

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over CBS because CBS has a place of business in New York. Additionally, this Court has personal jurisdiction over CBS consistent with the New York long arm statue because CBS: (1) committed copyright infringement and DMCA violations; (2) the present causes of action arise from such infringement and violations; (3) CBS's acts caused an injury to Cutaia in New York; (4) CBS expected or should have reasonably expected the act to have consequences in New York; and (5) CBS derives significant revenue from interstate and/or international commerce.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because, *inter alia*, CBS's acts of infringement occurred online and caused injury in this District.

10. This Court has personal jurisdiction over Mission consistent with the New York long arm statue because Mission: (1) committed copyright infringement and DMCA violations; (2) the present causes of action arise from such infringement and violations; (3) Mission's acts caused an injury to Cutaia in New York; (4) Mission expected or should have reasonably expected the act to have consequences in New York; and (5) Mission derives significant revenue from interstate and/or international commerce.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because, *inter alia*, Mission's acts of infringement occurred online and caused injury in this District.

12. This Court has personal jurisdiction over Critical Mention because Critical Mention has a place of business in New York. Additionally, this Court has personal jurisdiction over Critical Mention consistent with the New York long arm statue because Critical Mention: (1) committed copyright infringement and DMCA violations; (2) the present causes of action arise from such infringement and

violations; (3) Critical Mention's acts caused an injury to Cutaia in New York; (4) Critical Mention expected or should have reasonably expected the act to have consequences in New York; and (5) Critical Mention derives significant revenue from interstate and/or international commerce.

13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because, *inter alia*, Critical Mention's acts of infringement occurred online and caused injury in this District.

## FACTUAL BACKGROUND

14.     On November 18, 2014, an intense winter storm (dubbed "winter storm Knife") buried parts of Buffalo, New York, and the surrounding area, under snow. When the storm ended several days later, some areas in and around Buffalo had received more than seven feet of snow.

15.     Cutaia was watching the storm come over Lake Erie and hit Buffalo from his downtown Buffalo office window. Cutaia captured a time-lapse video of the storm using his mobile phone. Recognizing the substantial potential interest in this video, Cutaia uploaded the video to his YouTube account, titling the video "Buffalo Lake Effect" (the "Storm Video"). The Storm Video continues to be available for streaming at http://www.youtube.com/watch?v=VxuacZudBPU.

16.     In uploading the Storm Video, Cutaia opted into YouTube's "monetization" program. In this way, Cutaia allowed Google—the owner of YouTube—to display advertising along with the Storm Video in return for a share of the advertising revenue received by Google. Cutaia also selected the "Standard YouTube License" option under the heading of "License and Ownership Rights." The YouTube website states the "Standard YouTube License is found in Section 6 of YouTube's Terms of Service." *See* YouTube screen capture attached as Exhibit A. A copy of the YouTube Terms of Service is attached as Exhibit B.

17.     YouTube provides technological measures to effectively control access to videos, including the Storm Video. In particular, the Storm Video is readily streamed from YouTube, however, no ability is provided to reproduce (*e.g.,* download) the video. Cutaia used YouTube's technological measures to allow streaming of the Storm Video, only, and not its reproduction.

18. YouTube provides each uploaded video with copyright management information. Such copyright management information includes the video title and a unique identifier assigned by the YouTube website upon uploading a video. Cutaia provided the title of "Buffalo Lake Effect" for the Storm Video, and the YouTube website assigned identifier VxuacZudBPU. Use of the Storm Video through YouTube includes this copyright management information.

19. By the end of the day on November 18th, the Storm Video had been viewed 513,009 times. On November 19th, the Storm Video was viewed an additional 2,301,212 times. As of November 5, 2015, the Storm Video has been viewed more than 3,828,000 times—in most every country from Azerbaijan to Zimbabwe.

20. Within a short time of uploading, Cutaia began receiving requests for permission to use the Storm Video via e-mail, telephone, and social media. Many requests arose from various news outlets, including CBS News, ABC News, CNN, NBC, Reuters, Associated Press, and many others.

21. Cutaia registered the Storm Video with the U.S. Copyright Office as U.S. Copyright Registration No. PA0001928808. The effective date of the registration is December 3, 2014. A copy of the Certificate of Registration is attached as Exhibit C.

## NATURE OF DEFENDANTS' UNLAWFUL CONDUCT

22. On or about August 11, 2014, counsel for Nexstar Broadcasting Group, Inc. sent a letter to Cutaia describing infringing copies of the Storm Video available on KOLR's ozarkfirst.com and further distribution to Critical Mention's online video syndication platform, ClipSyndicate. The letter states that the infringing copies were "distributed under license from CBS." A copy of the letter is attached as Exhibit D.

23. On information and belief, Mission owns the television broadcast station, KOLR.

24. On information and belief, Nexstar Broadcasting Group, Inc. has an ownership interest in Mission.

25. On information and belief, CBS, without Cutaia's consent, reproduced and distributed the Storm Video.

26. On information and belief, Mission, without Cutaia's consent, reproduced, publicly performed, and distributed the Storm Video.

27. On information and belief, Critical Mention, without Cutaia's consent, publicly performed the Storm Video.

28. Cutaia's claims arise out of CBS's, Mission's, and Critical Mention's willful and blatant violation of the intellectual property rights he maintains concerning the Storm Video.

## COUNT ONE

### (Injunctive Relief – CBS)

29. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 28.

30. CBS has used Cutaia's protected material, the Storm Video, without his permission and to his detriment.

31. CBS's use of the Storm Video is causing irreparable harm to Cutaia, and he has no adequate remedy at law to compensate him for his injuries.

32. CBS's use of the Storm Video violates the law and Cutaia's personal rights.

33. Considering the balance of hardships between Cutaia and CBS, a remedy in equity is warranted.

34. The public interest will not be disserved by the entry of a permanent injunction.

35. Based on these circumstances, Cutaia is entitled to a permanent injunction enjoining CBS from using The Storm Video and requiring CBS to take down all videos which incorporate the Storm Video, or any portion thereof, from all websites under CBS's control.

## COUNT TWO

### (Copyright Infringement – CBS)

36. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 35.

37. CBS's unauthorized reproduction and public performance of the Storm Video infringe upon Cutaia's exclusive rights in violation of the 17 U.S.C. § 101, *et seq.*

38. CBS's wrongful conduct was intentional and willful.

39. As a direct and proximate result of CBS's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT THREE

### (DMCA Anti-Circumvention – CBS)

40. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 39.

41. In order to infringe the Storm Video, CBS circumvented Cutaia's technological measures limiting access to the Storm Video, without authorization, in violation of 17 U.S.C. § 1201(a)(1)(A).

42. As a direct and proximate result of CBS's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT FOUR

### (DMCA Copyright Management Information– CBS)

43. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 42.

44. By its reproduction and alteration of the Storm Video, CBS intentionally removed and/or altered the copyright management information of the Storm Video, without authorization, in violation of 17 U.S.C. § 1202(b)(1).

45. CBS distributed and publicly performed the Storm Video despite knowing that the copyright management information had been removed and/or altered, without authorization, in violation of 17 U.S.C. § 1202(b)(3).

46. As a direct and proximate result of CBS's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT FIVE

### (Contributory Copyright Infringement – CBS)

47. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 46.

48. CBS materially contributed to and had actual knowledge of Mission's direct copyright infringement such that CBS contributed to Mission's infringement of 17 U.S.C. § 101, *et seq.*

49. As a direct and proximate result of CBS's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT SIX

### (Inducement to Infringe Copyright – CBS)

50. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 49.

51. By its facilitating Mission's access to the Storm Video, CBS infringed Cutaia's copyright by inducing Mission to reproduce, distribute, and publically perform the Storm Video, without authorization, in violation of 17 U.S.C. § 101, *et seq.*

52. As a direct and proximate result of CBS's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT SEVEN

### (Injunctive Relief – Mission)

53. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 52.

54. Mission has used Cutaia's protected material, the Storm Video, without his permission and to his detriment.

55. Mission's use of the Storm Video is causing irreparable harm to Cutaia, and he has no adequate remedy at law to compensate him for his injuries.

56. Mission's use of the Storm Video violates the law and Cutaia's personal rights.

57. Considering the balance of hardships between Cutaia and Mission, a remedy in equity is warranted.

58. The public interest will not be disserved by the entry of a permanent injunction.

59. Based on these circumstances, Cutaia is entitled to a permanent injunction enjoining Mission from using The Storm Video and requiring Mission to take down all videos which incorporate the Storm Video, or any portion thereof, from all websites under Mission's control.

## COUNT EIGHT

### (Copyright Infringement – Mission)

60. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 59.

61. Mission's unauthorized reproduction and distribution of the Storm Video infringe upon Cutaia's exclusive rights in violation of the 17 U.S.C. § 101, *et seq.*

62. Mission's wrongful conduct was intentional and willful.

63. As a direct and proximate result of Mission's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT NINE

### (DMCA Anti-Circumvention – Mission)

64. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 63.

65. In order to infringe the Storm Video, Mission circumvented Cutaia's technological measures limiting access to the Storm Video, without authorization, in violation of 17 U.S.C. § 1201(a)(1)(A).

66. As a direct and proximate result of Mission's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT TEN

### (DMCA Copyright Management Information – Mission)

67. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 66.

68. By its reproduction and distribution of the Storm Video, Mission intentionally removed and/or altered the copyright management information of the Storm Video, without authorization, in violation of 17 U.S.C. § 1202(b)(1).

69. Mission distributed the Storm Video despite knowing that the copyright management information had been removed and/or altered, without authorization, in violation of 17 U.S.C. § 1202(b)(3).

70. As a direct and proximate result of Mission's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT ELEVEN

### (Contributory Copyright Infringement – Mission)

71. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 70.

72. Mission materially contributed to and had actual knowledge of Critical Mention's direct copyright infringement such that Mission contributed to Critical Mention's infringement of 17 U.S.C. § 101, et seq.

73. As a direct and proximate result of Mission's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT TWELVE

### (Inducement to Infringe Copyright – Mission)

74. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 73.

75. By its facilitating Critical Mention's access to the Storm Video, Mission infringed Cutaia's copyright by inducing Critical Mention to reproduce, distribute, and publically perform the Storm Video, without authorization, in violation of 17 U.S.C. § 101, *et seq.*

76. As a direct and proximate result of Mission's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT THIRTEEN

### (Injunctive Relief – Critical Mention)

77. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 76.

78. Critical Mention has used Cutaia's protected material, the Storm Video, without his permission and to his detriment.

79. Critical Mention's use of the Storm Video is causing irreparable harm to Cutaia, and he has no adequate remedy at law to compensate him for his injuries.

80. Critical Mention's use of the Storm Video violates the law and Cutaia's personal rights.

81. Considering the balance of hardships between Cutaia and Critical Mention, a remedy in equity is warranted.

82. The public interest will not be disserved by the entry of a permanent injunction.

83. Based on these circumstances, Cutaia is entitled to a permanent injunction enjoining Critical Mention from using The Storm Video and requiring Critical Mention to take down all videos which incorporate the Storm Video, or any portion thereof, from all websites under Critical Mention's control.

## COUNT FOURTEEN

### (Copyright Infringement – Critical Mention)

84. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 83.

85. Critical Mention's unauthorized reproduction and distribution of the Storm Video infringe upon Cutaia's exclusive rights in violation of the 17 U.S.C. § 101, *et seq.*

86. Critical Mention's wrongful conduct was intentional and willful.

87. As a direct and proximate result of Critical Mention's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT FIFTEEN

### (DMCA Anti-Circumvention – Critical Mention)

88. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 87.

89. In order to infringe the Storm Video, Critical Mention circumvented Cutaia's technological measures limiting access to the Storm Video, without authorization, in violation of 17 U.S.C. § 1201(a)(1)(A).

90. As a direct and proximate result of Critical Mention's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT SIXTEEN

### (DMCA Copyright Management Information – Critical Mention)

91. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 90.

92. By its reproduction and distribution of the Storm Video, Critical Mention intentionally removed and/or altered the copyright management information of the Storm Video, without authorization, in violation of 17 U.S.C. § 1202(b)(1).

93. Critical Mention distributed the Storm Video despite knowing that the copyright management information had been removed and/or altered, without authorization, in violation of 17 U.S.C. § 1202(b)(3).

94. As a direct and proximate result of Critical Mention's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

**DEMAND FOR JURY TRIAL**

95. Plaintiff hereby demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

96. That the Court declare Defendants infringed Cutaia's exclusive rights under 17 U.S.C. § 106.

97. As to the First Cause of Action in this Complaint, that the Court grant a permanent injunction requiring that CBS cease any and all infringement of Cutaia's rights under the Copyright Act, 17 U.S.C. § 100, *et seq.*

98. As to the Second Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CBS that are attributable to the violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

99. As to the Third Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CBS that are attributable to the violations or maximum statutory damages for each violation of 17 U.S.C. § 1201 in the sum of $2,500 per act of circumvention, device, product, component, offer, or performance of service pursuant to 17 U.S.C. § 1203(c)(2) and/or § 1203(c)(3)(A).

100. As to the Fourth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CBS that are attributable to the violations or maximum statutory damages for each violation of 17 U.S.C. § 1202 in the sum of $25,000 pursuant to 17 U.S.C. § 1203(c)(2) and/or § 1203(c)(3)(B).

101. As to the Fifth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CBS that are attributable to the violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

102. As to the Sixth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CBS that are attributable to the violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

103. As to the Seventh Cause of Action in this Complaint, that the Court grant a permanent injunction requiring that Mission cease any and all infringement of Cutaia's rights under the Copyright Act, 17 U.S.C. § 100, *et seq.*

104. As to the Eighth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by Mission that are attributable to the violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

105. As to the Ninth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by Mission that are attributable to the violations or maximum statutory damages for each violation of 17 U.S.C. § 1201 in the sum of $2,500 per act of circumvention, device, product, component, offer, or performance of service pursuant to 17 U.S.C. § 1203(c)(2) and/or § 1203(c)(3)(A).

106. As to the Tenth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by Mission that are attributable to the violations or maximum statutory damages for each violation of 17 U.S.C. § 1202 in the sum of $25,000 pursuant to 17 U.S.C. § 1203(c)(2) and/or § 1203(c)(3)(B).

107. As to the Eleventh Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by Mission that are attributable to the violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

108. As to the Twelfth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by Mission that are attributable to the

violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

109. As to the Thirteenth Cause of Action in this Complaint, that the Court grant a permanent injunction requiring that Critical Mention cease any and all infringement of Cutaia's rights under the Copyright Act, 17 U.S.C. § 100, *et seq.*

110. As to the Fourteenth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by Critical Mention that are attributable to the violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

111. As to the Fifteenth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by Critical Mention that are attributable to the violations or maximum statutory damages for each violation of 17 U.S.C. § 1201 in the sum of $2,500 per act of circumvention, device, product, component, offer, or performance of service pursuant to 17 U.S.C. § 1203(c)(2) and/or § 1203(c)(3)(A).

112. As to the Sixteenth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by Critical Mention that are attributable to the violations or maximum statutory damages for each violation of 17 U.S.C. § 1202 in the sum of $25,000 pursuant to 17 U.S.C. § 1203(c)(2) and/or § 1203(c)(3)(B).

113. That the Court award Plaintiff's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §§ 505 and 1203.

114. That the Court award such other monetary relief, including pre- and post-judgment interest thereon, as the Court and/or a jury determine are appropriate and should be awarded against Defendants.

115. That the Court award such other and further relief as the Court may deem just and proper.

Dated: June 17, 2016

*s/ Hugh M. Russ, III*
Hugh M. Russ III
Charles S. Rauch
HODGSON RUSS LLP
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14020
Telephone: 716.356.4000
Facsimile: 716.839.0349
hruss@hodgsonruss.com
crauch@hodgsonruss.com
*Attorneys for Plaintiff Alfonzo I. Cutaia*
